IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| N. DOE, filing anonymously, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. |
| EAST ST. LOUIS HOUSING AUTHORITY and MILDRED A. MOTLEY, in her official capacity as Executive Director of the East St. Louis Housing Authority, | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, N, DOE, filing anonymously, SECOND AMENDMENT FOUNDATION, INC. ("SAF"), and ILLINOIS STATE RIFLE ASSOCIATION ("ISRA"), by and through LAW FIRM OF DAVID G. SIGALE, P.C., their attorney, and for their Complaint For Declaratory and Injunctive Relief against the Defendants, EAST ST. LOUIS HOUSING AUTHORITY ("ESLHA") and MILDRED A. MOTLEY, as Executive Director of the East St. Louis Housing Authority ("Motley"), assert the following:

## NATURE OF ACTION

1. This is an action pursuant to 42 U.S.C. § 1983, which seeks equitable, declaratory, and injunctive relief challenging the East St. Louis Housing Authority's ban on persons residing in government subsidized housing from possessing a firearm in their residences.

## PARTIES

2. Plaintiff N. DOE, filing anonymously, is a resident of Auburn Terrace, a public housing facility in East St. Louis, Illinois, administered by the East St. Louis Housing Authority. She is a customer service representative for a medical supply distributor, who due to health issues of her family and herself, became in need of governmental assistance in the form of subsidized housing. She has a valid Illinois FOID card, and has trained and educated in the safe use of firearms. She wishes to possess a handgun in her residence for self-defense, and did at one point, but has been forced to refrain from doing so due to the threat of losing her subsidized housing. At the present time, she resides with her two teenage children in her residence.

3. N. DOE is filing this action anonymously because she is in hiding from a violent domestic abuser who has made current physical threats against N. DOE and her children, and she fears physical retaliation in the form of severe physical injury and death to her children and herself should she be publicly identified. This is discussed further herein in this "Parties" section.

4. N. DOE is not seeking to file this action anonymously due to any desire to avoid publicity and/or inconvenience of filing publicly. Should the physical threat to herself and her family cease, N. DOE would willingly allow herself to be publicly named in this matter.

5. As the instant matter is a facial challenge to the Defendant's ban on lawful firearms possession by lawful FOID cardholders in their public-housing

residences, there is no unfairness to Defendants by maintaining the public anonymity of N. DOE's identity.  N. DOE will also reveal herself to the Defendants once an appropriate Protective Order or Confidentiality Agreement is executed and entered by the Court.

6. N. DOE has an ex-husband who was incarcerated for murder.  He was released on probation, and during that time was violently abusive to N. DOE on multiple occasions, including choking her to unconsciousness, and beating her so badly that she had internal bleeding.  He threatened, on multiple occasions, to kill N. DOE and her two children if she ended her relationship with him.  As a result of this violence, he was returned to prison with his probation revoked.  He has since been released, and N. DOE has recently received word that he is still "very angry" with her and is looking for her.

7. Further, in January, 2017, N. DOE was beaten and raped in her home by a family acquaintance, who decided that since N. DOE was suffering from a hand injury, that she was unable to fight back.  During the rape, N. DOE was able to call for help from her children, who stopped the attack by threatening to brandish the firearm, that at the time was in the residence, at the attacker and getting the attacker to leave N. DOE's residence.

8. On two occasions, N. DOE has to call the police due to shootings in nearby residences.  Shootings are common enough to be called routine in the subject ESLHA property.

9. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes persons residing in East St. Louis, Illinois. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

10. ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois. ISRA has over 17,000 members and supporters in Illinois, and many members outside the State of Illinois. The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation. ISRA brings this action on behalf of itself and its members.

11. N. DOE is a member of SAF and ISRA.

12. ESLHA is a public entity of the State of Illinois created pursuant to the Housing Authorities Act (310 ILCS 10/1, *et seq.*). It is ". . . a municipal corporation and shall constitute a body both corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to carry out and effectuate the purposes and provisions of this [Housing Authorities] Act." Its administrative office is located at 200 East Harlem Avenue, Monmouth, IL 61462.

13. Motley is the Executive Director of the ESLHA. Upon information and belief, Motley is responsible for overseeing enforcement of ESLHA policies, and is sued in her individual and official capacities.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and also pursuant to 42 U.S.C. §§ 1981(a) and 1983.

15. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

16. On or about October 7, 2016, N. DOE entered a lease agreement with the ESLHA.

17. Section IX.(p) of the ESLHA Lease, entitled "RESIDENT'S OBLIGATIONS," requires that N. DOE is "[n]ot to display, use, or possess or allow members of [DOE's] household or guests to display, use, or possess any firearms, (operable or inoperable) … anywhere in the unit or elsewhere on the property of the Authority."

18. Section XI.E. of the ESLHA Lease, entitled "SPECIAL INSPECTIONS," states that "ESLHA staff may conduct a special inspection for any of the following reasons: . . . Suspected lease violation." This means that N. DOE's stated desire to possess a lawful firearm for self-defense of herself and her family renders her subject to "special inspections" by the Defendants at practically any time.

19. Section XIV of the ESLHA lease, entitled "TERMINATION OF THE LEASE," states that ESLHA may terminate the Lease for ". . . serious or repeated violations of material terms of the Lease."

20. Further, section XIV(a)(11) of the ESLHA Lease specifically lists "[p]ossession of firearms by the resident, household member or guest on any ESLHA property" as a serious or material violation of the material terms of the Lease.

21. N. DOE has kept, is keeping and/or desires to keep a firearm in her home for personal protection.

22. Section IX(p) prevents N. DOE from keeping a firearm in her home, while Section XIV states that N. DOE can have her Lease terminated for possessing a firearm for self-defense.

23. ESLHA and Motley have threatened N. DOE that her Lease will be terminated, and she would have to move, unless she verifies he does not possess a firearm in her residence.

24. When N. DOE protested, she was told by ESLHA that the building is safe, and therefore she does not need a firearm.

25. In contrast, though Section VIII(a) of the ESLHA Lease, entitled "ESLHA Obligations," requires ESLHA to "maintain the . . . Development in decent, *safe*, and sanitary condition;" (italics added), and Section VIII(d) of the ESLHA Lease requires the ESLHA "[t]o keep development, building facilities, and common areas, not otherwise assigned to Tenant for maintenance and upkeep, in a clean and

safe condition," the ESLHA property on which N. DOE and her family reside is not safe from violent crime.

26. N. DOE is a responsible law-abiding adult who is qualified to own firearms in her home for lawful self-defense and other lawful purposes. But for the Lease provisions, and the threats of eviction, she and SAF's and ISRA's members in ESLHA housing would forthwith lawfully possess a firearm in their homes.

27. The above deprivation of the right to keep and bear arms, pursuant to, *e.g.*, *District of Columbia v. Heller*, 127 S.Ct. 2873 (2008) and *McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010), applies only to low income persons who reside in public housing, a type of government housing. Wealthier persons who can afford to live in private housing are not deprived of this right.

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

28. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs 1 through 27 of this Complaint as if set forth in full herein.

29. The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

30. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any

State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

31. The Second Amendment is applicable to States through the Fourteenth Amendment. *See McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010).

32. The Defendants' actions, which deny lawful persons Second Amendment rights due to their financial disadvantage and circumstances of residing in government housing, on their face and as applied, violate N. DOE's, and SAF's and ISRA's members', individual rights to possess a handgun as secured by the Second Amendment to the United States Constitution.

33. Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their Second and Fourteenth Amendment rights.

### COUNT II – VIOLATION OF RIGHT TO EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

34. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs 1 through 33 of this Complaint as if set forth in full herein.

35. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

36. The Defendants' actions, which deny lawful persons their individual rights to possess a handgun as secured by the Second Amendment to the United States Constitution, due to their financial disadvantage and circumstances of residing in government housing, on their face and as applied, violate N. DOE's, and SAF's and ISRA's members', right to equal protection of the law, as secured by the Fourteenth Amendment of the United States Constitution.

37. Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their Fourteenth Amendment rights.

## ALLEGATIONS COMMON TO ALL COUNTS

38. Plaintiffs incorporate by reference the allegations contained in the foregoing paragraphs 1 through 37 of this Complaint as if set forth in full herein.

39. A controversy exists as to whether the firearms ban in government subsidized housing is unconstitutional.

40. A declaration from this Court would settle this issue.

41. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

42. Plaintiffs seek a declaration that the ban on home firearm possession by lawful persons residing in government subsidized housing is unconstitutional.

43. Additionally, Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

44. There is no adequate remedy at law because only an injunction, as opposed to monetary damages, would allow N. DOE, and SAF's and ISRA's

members residing in government subsidized housing in East St. Louis, Illinois, the opportunity to possess a firearm for lawful purposes in their residences.

45. The irreparable harm to Plaintiffs outweighs any potential harm, if any, to Defendants caused by granting the injunctive relief.

46. Enjoining Defendants from enforcing the lease provisions prohibiting lawful possession of firearms serves the public interest because the lease provisions violate constitutional rights.

WHEREFORE, Plaintiffs, N. DOE, filing anonymously, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, request the following relief:

1. That this Court render a declaratory judgment that Defendants' attempt to enforce the lease provisions prohibiting lawful possession of firearms violates the Second and Fourteenth Amendments to the United States Constitution;

2. That this Court issue a Preliminary and Permanent Injunction enjoining and restraining Defendants from enforcing the lease provisions prohibiting lawful possession of firearms;

3. Award Plaintiff relief as provided by statute and common law;

4. Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other pertinent provision of law.

5.   Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  March 7, 2018                              Respectfully submitted,


                                                   By:   /s/ David G. Sigale
                                                         Attorney for Plaintiffs

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547
dsigale@sigalelaw.com