UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| N. DOE, filing anonymously,<br>SECOND AMENDMENT FOUNDATION, INC.,<br>and ILLINOIS STATE RIFLE ASSOCIATION,<br><br>      Plaintiffs,<br><br>v.<br><br>EAST ST. LOUIS HOUSING AUTHORITY and<br>MILDRED A. MOTLEY, in her official capacity as<br>Executive Director of the East St. Louis Housing<br>Authority,<br><br>      Defendants. | Case Number: 3:18-cv-545 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW, Defendants, East St. Louis Housing Authority and Mildred A. Motley, and for their answer to Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint"), state as follows:

### NATURE OF ACTION

1. The allegations of paragraph 1 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 1 for lack of sufficient information to justify a belief therein.

### PARTIES

2. Defendants deny the allegations of paragraph 2 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

3. Defendants deny the allegations of paragraph 3 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

1

4. Defendants deny the allegations of paragraph 4 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

5. Defendants deny the allegations of paragraph 5 of the Plaintiffs' Amended Complaint.

6. Defendants deny the allegations of paragraph 6 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

7. Defendants deny the allegations of paragraph 7 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

8. Defendants deny the allegations of paragraph 8 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

9. Defendants deny the allegations of paragraph 9 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

10. Defendants deny the allegations of paragraph 10 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

11. Defendants deny the allegations of paragraph 11 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

12. In response to the allegations of paragraph 12 of the Plaintiffs' Amended Amended Complaint, Defendants admit that ESLHA is a municipal corporation but deny all other allegations.

13. In response to the allegations of paragraph 13 of the Plaintiffs' Amended Amended Complaint, Defendants admit that Mildred Motley is the Executive Director of the ESLHA but deny all other allegations.

## **JURISDICTION AND VENUE**

14. The allegations of paragraph 14 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 14 for lack of sufficient information to justify a belief therein. By way of further denial, Defendants aver that Plaintiff, Doe, lacks standing to bring claims on behalf of "guests" as alleged in Plaintiffs' Amended Complaint and Plaintiffs, SAF and ISRA lack standing to bring the asserted claims on behalf of any party.

15. The allegations of paragraph 15 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 15 for lack of sufficient information to justify a belief therein.

16. Defendants deny the allegations of paragraph 16 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

17. Defendants deny the allegations of paragraph 17 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

18. Defendants deny the allegations of paragraph 18 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

19. Defendants deny the allegations of paragraph 19 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the

alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

20. Defendants deny the allegations of paragraph 20 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

21. Defendants deny the allegations of paragraph 21 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

22. Defendants deny the allegations of paragraph 22 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

23. Defendants deny the allegations of paragraph 23 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

24. Defendants deny the allegations of paragraph 24 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

25. Defendants deny the allegations of paragraph 25 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

26. Defendants deny the allegations of paragraph 26 of the Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein. Further, the

alleged lease is a writing and is the best evidence of its terms, conditions and obligations and is pled herein by reference as if recopied in full.

27. The allegations of paragraph 27 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 27 for lack of sufficient information to justify a belief therein.

28. The allegations of paragraph 28 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 28 for lack of sufficient information to justify a belief therein.

29. The allegations of paragraph 29 of the Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 29 for lack of sufficient information to justify a belief therein.

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. §1983)

30. In answer to paragraph 30 of Count I of Plaintiffs' Amended Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 29 as if recopied in full.

31. Defendants admit the allegations of paragraph 31 of Plaintiffs' Amended Complaint.

32. The allegations of paragraph 32 of Count I of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed

required, Defendants deny the allegations of paragraph 32 for lack of sufficient information to justify a belief therein.

33. The allegations of paragraph 33 of Count I of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 33 for lack of sufficient information to justify a belief therein.

34. The allegations of paragraph 34 of Count I of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 34 for lack of sufficient information to justify a belief therein.

35. The allegations of paragraph 35 of Count I of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 33 for lack of sufficient information to justify a belief therein.

### COUNT II – VIOLATION OF RIGHT TO EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §1983)

36. In answer to paragraph 36 of Count II of Plaintiffs' Amended Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 35 as if recopied in full.

37. The allegations of paragraph 35 of Count II of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 37 for lack of sufficient information to justify a belief therein.

38. Defendants deny the allegations of paragraph 38 of Count II of Plaintiffs' Amended Complaint

39. The allegations of paragraph 39 of Count II of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 39 for lack of sufficient information to justify a belief therein.

## ALLEGATIONS COMMON TO ALL COUNTS

40. In answer to paragraph 38 of Plaintiffs' Amended Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 39 as if recopied in full.

41. The allegations of paragraph 41 of Plaintiffs' Amended Complaint are conclusions of law for which no answer is required. To the extent that an answer is deemed required, Defendants deny the allegations of paragraph 41 for lack of sufficient information to justify a belief therein.

42. Defendants deny the allegations of paragraph 42 of Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

43. Defendants deny the allegations of paragraph 43 of Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

44. Defendants deny the allegations of paragraph 44 of Plaintiffs' Amended Complaint for lack of sufficient information to justify a reasonable belief therein.

45. Defendants deny the allegations of paragraph 45 of Plaintiffs' Amended Complaint.

46. Defendants deny the allegations of paragraph 46 of Plaintiffs' Amended Complaint.

47. Defendants deny the allegations of paragraph 47 of Plaintiffs' Amended Complaint.

48. Defendants deny the allegations of paragraph 48 of Plaintiffs' Amended Complaint.

**GENERAL DENIAL**

Defendants deny every unnumbered allegation in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Defendants state the following affirmative defenses as complete or partial bars to the claims made in Plaintiffs' Amended Complaint for Declaratory Judgment and Injunctive Relief:

1. Plaintiffs' Amended Complaint fails to state a claim for which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part by one or more applicable statutes of limitation, including without limitation 42 USC § 4613, 740 ILCS 23/5 and 745 10/8-101.

3. Plaintiffs' claims are barred in whole or in part by the defenses and immunities provided by the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-11 *et seq*.

4. Plaintiff, Doe, lacks standing to bring the alleged claims on behalf of guests and Plaintiffs SAF and ISRA lack standing to bring the alleged claims on behalf of anyone.

**JURY DEMAND**

Defendants demand trial by jury on all issues so triable.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, Defendants pray for dismissal of Plaintiffs' Amended Complaint for

Declaratory and Injunctive Relief, each party bearing his, her or its own costs, and for such other relief as is appropriate.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH, P.C.

*/s/ Stephen J. Moore*
_____
Stephen J. Moore, #6293419
Jessica B. Cozart, #6319818
7800 Forsyth Blvd., Suite 600
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
smoore@gallowaylawfirm.com
jcozart@gallowaylawfirm.com
*Attorneys for Defendants*

## CERTIFICATE OF MAILING

**I HEREBY CERTIFY** that on the 22nd day of September, 2018, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Stephen J. Moore*
_____