# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| N. DOE, filing anonymously, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br>　　　　Plaintiffs,<br>v.<br><br>EAST ST. LOUIS HOUSING AUTHORITY and MILDRED A. MOTLEY, in her official capacity as Executive Director of the East St. Louis Housing Authority,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:18-CV-545-JPG-MAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION

This matter is before the Court upon the parties' Joint Motion for Entry of Final Judgment and Permanent Injunction. (ECF No. 33.) The parties stipulated to this following order enjoining Defendants from taking any action to enforce any provisions in the ESLHA Lease, including Sections IX(p) and XIV, as applied to the inability of N. DOE and other ESLHA residents who are permitted under Illinois law to possess firearms, from possessing functional firearms that are legal in their jurisdiction for self-defense and defense of others in their residences, provided they are otherwise qualified land in compliance with all local, state, and federal legal requirements applicable to the ownership, possession, transportation and use of firearms.

Among whatever else, the Second Amendment protects the right of a law-abiding individual to possess functional firearms in his or her home for lawful purposes, most notably for self-defense and defense of family. *See District of Columbia v. Heller*, 128 S.Ct. 2783, 2818 (2008).

The Second Amendment is applicable to States through the Fourteenth Amendment. *See McDonald v. City of Chicago*, 130 S.Ct. 3020 (2010).

The Fourteenth Amendment provides as follows: "Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

The Court concludes that the Stipulation should be approved, and judgment should be entered in favor of Plaintiffs. Accordingly,

**IT IS ORDERED:**

1. Pursuant to Plaintiffs' as-applied Second Amendment and Fourteenth Amendment Due Process and Equal Protection claims, Defendants are permanently enjoined from taking any action to enforce any provisions in the ESLHA Lease, including Sections IX(p) and XIV, as applied to the inability of N. DOE and other ESLHA residents from possessing functional firearms that are legal in their jurisdiction for self-defense and defense of others in their residences, provided they are otherwise-qualified and in compliance with all local, state, and federal legal requirements applicable to the ownership, possession, transportation and use of firearms.

2. Upon entry of this final order and permanent injunction, Defendants shall take the necessary steps to strike or amend the challenged sections of the ESLHA Lease, such that the ESLHA will no longer prohibit Plaintiffs, and other ESLHA residents who are otherwise qualified under Illinois law to possess firearms, to possess functional firearms, that are legal in their jurisdiction, in their residences. While the required changes to the ESLHA lease are being drafted and enacted pursuant to any notice and public comment requirements imposed by the Department of Housing and Urban Development and ESLHA regulations, defendants shall not enforce the referenced lease provisions against either Plaintiff or any other above-referenced ESLHA residents.

3. This Order shall have no bearing on any ESLHA rule, regulation or lease provision with respect to the possession of firearms by guests or other non-residents on ESLHA premises.

4, This Order shall have no bearing on any ESLHA rule, regulation or lease provision with respect to residents, guests or non-residents brandishing firearms outside resident units, including in common areas within any development, except that doing so by a resident shall not constitute a lease violation if such is necessary for self-defense or defense of others in accordance with applicable law.

5. Defendants will pay Plaintiffs the sum of $7,500.00 as attorneys' fees.

**IT IS SO ORDERED.**

**DATED: APRIL 11, 2019**

**s/ *J. Phil Gilbert*** 
**J. PHIL GILBERT** 
**U.S. DISTRICT JUDGE**
